**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ray Baughman, Cecil McDole, and Tyler Stimbert, <br><br> Plaintiffs, <br><br> vs. <br><br> Roadrunner Communications, LLC, et al., <br><br> Defendants. | No. CV-12-565-PHX-SMM <br><br><br> **ORDER** |

Pending before the Court is Defendants' Motion to Strike Arizona State Law Rule 23 Class Allegations. (Doc. 111.) The matter is fully briefed. (Docs. 142, 153.) The Court will deny Defendants' motion to strike.

**I. Background**

Plaintiffs Ray Baughman, Cecil McDole, and Tyler Stimbert filed a Collective Action and Class Action Complaint ("Complaint") on March 16, 2012. (Doc. 1.) According to the Complaint, Defendant Roadrunner Communications LLC ("Roadrunner") "provides satellite installation and repair services for DirecTV® and operates eight offices throughout the states of Arizona, New Mexico and California." (Id.) Plaintiffs claim that they worked as satellite installation and repair technicians for Defendants. According to Plaintiffs, five of Roadrunner's offices are in Arizona, and approximately 66 technicians work at these five Arizona locations. (Id.) Plaintiffs seek to represent only the technicians in Roadrunner's Arizona offices.

In their Complaint, Plaintiffs allege that Defendants misclassified them as independent

1 contractors and assert that they were Defendants' "employees" as that term is defined by the
2 Fair Labor Standards Acts ("FLSA") and Arizona wage laws. (Id.) Plaintiffs therefore
3 brought collective action allegations against Defendants for failure to pay overtime as
4 required by the FLSA, 29 U.S.C. § 201-19, as well as class action state law claims for (1)
5 unlawfully withholding wages owed in violation of Arizona wage law, A.R.S. §§ 23-351,
6 23-352, and 23-353; and (3) unjust enrichment based on Defendants requiring Plaintiffs to
7 provide installation materials at their own expense. (Id.)

8     This Court conditionally certified a collective action pursuant to Section 216(b) of the
9 FLSA (Doc. 64.) As of January 2013, Plaintiffs indicate that sixty-three (63) individuals
10 (including the three named Plaintiffs) have opted-in to the collective action. (Doc. 142 at 3.)

11     Subsequently, Defendants filed a Motion to Strike the state law class action claims.
12 (Doc. 111.) In support, Defendants argue that the Court should strike the Rule 23 state law
13 class allegations due to lack of numerosity and because maintaining a state law opt-out class
14 in the same case as a FLSA opt-in class is impractical and unworkable. (Id. at 3-7.)

15 **II. Standard of Review**

16     A court "may order stricken from any pleading . . . any redundant, immaterial,
17 impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally
18 regarded with disfavor, but are proper when a defense is insufficient as a matter of law.
19 Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057
20 (5th Cir. 1982). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure
21 of time and money that must arise from litigating spurious issues by dispensing with those
22 issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).
23 As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's
24 allegations as true and must liberally construe the complaint in the light most favorable to the
25 plaintiff. Farm Credit Bank of Spokane v. Parsons, 758 F.Supp. 1368, 1371 n.4 (D. Mont.
26 1990).

27     "Motions to strike class allegations are disfavored because a motion for class
28 certification is a more appropriate vehicle" in which to consider the issue. See Thorpe v.

1 Abbott Laboratories, Inc., 534 F. Supp.2d 1120, 1125 (N.D. Cal. 2008).  However, pursuant
2 to Fed. R. Civ. P. 23(c)(I)(A), 23(d)(1)(D), and 12(f), this Court may "strike class allegations
3 prior to discovery if the complaint demonstrates that a class action cannot be maintained."
4 Tietsworth v. Sears, 720 F. Supp.2d 1123, 1146 (N.D. Cal. 2010); see also Vinole v.
5 Countrywide Home Loans, Inc., 571 F.3d 935, 941 (9th Cir. 2009) (holding that a defendant
6 may move for denial of class certification prior to a plaintiff moving to certify a class action).

7 **III. Discussion**

8 First, Defendants argue that the Court should strike the Plaintiffs' class action
9 allegations because Plaintiffs cannot satisfy Rule 23(a)(1)'s numerosity requirement.  (Doc.
10 111 at 3.)  Next, it argues that the Court should strike the Rule 23 state law class allegations
11 because maintaining a state law opt-out class in the same case as an FLSA opt-in class is
12 impractical and unworkable.  (Id. at 5.)

13 *Numerosity*

14 Defendants argue that numerosity is lacking per se because Plaintiffs have noticed all
15 the members of the putative FLSA collective action, inherently acknowledging that the class
16 is not so numerous that joinder of all members is impracticable.  (Doc. 111 at 4, citing Rule
17 23(a)(1).)

18 Plaintiffs respond that approximately 63 of the Arizona technicians have opted into
19 the FLSA collective action.  (Doc. 142 at 3.)  Therefore, based on the size of the putative
20 class, Plaintiffs contend that numerosity will be satisfied, given that generally a proposed
21 class will satisfy the numerosity requirement if it has 40 or more members.  (Id.)

22 The Court agrees with Plaintiffs.  Although a court may "strike class allegations prior
23 to discovery if the complaint demonstrates that a class action cannot be maintained,"
24 Tietsworth, 720 F. Supp.2d at 1146, Defendants have not demonstrated that a class action
25 cannot be maintained due to a lack of numerosity.  At this time, even though the Court need
26 not rule that numerosity is satisfied, Plaintiffs have established that their class allegations
27 should not be struck due to Defendants' argument that Plaintiffs lack numerosity.
28 ///

*Impractical and Unworkable*

Next, Defendants argue that asserting Rule 23 state wage law class allegations in the same case as FLSA collective action allegations is confusing and incompatible. (Doc. 111 at 5.)

Subsequent to Defendants' filing its motion to strike, the Ninth Circuit issued its ruling in Busk v. Integrity Staffing Solutions, Inc., 713 F.3d 525 (9th Cir. 2013), which rejects Defendants' argument. Prior to Busk it was not well established in the Ninth Circuit whether it was appropriate for district courts to allow a simultaneous FLSA collective action and a state law-based Rule 23 class action. See, e.g., Murillo v. Pac. Gas & Elec. Co., 266 F.RD. 468, 471 (E.D. Cal. 2010). In Busk, the court reviewed whether a FLSA collective action and state law class action are inherently incompatible as a matter of law due to the fact that plaintiffs must opt into a collective action under the FSLA and opt out of a class under Fed. R. Civ. P. 23. See 713 F.3d at 528. The Ninth Circuit joined all of its sister circuits in holding that the different opting mechanisms do not require dismissal of the state claims. Id. (citing cases).

### IV. Conclusion

Accordingly, on the basis of the foregoing,

**IT IS HEREBY ORDERED DENYING** Defendants' Motion to Strike Arizona State Law Rule 23 Class Allegations. (Doc. 111.)

DATED this 12th day of August, 2013.

Stephen M. McNamee
Senior United States District Judge