IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ray Baughman, Cecil McDole, and Tyler Stimbert,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Roadrunner Communications, LLC, et al.,<br><br>　　　　　Defendants. | No. CV-12-565-PHX-SMM<br><br><br><br>**ORDER** |

In the midst of litigation of this Collective Action Complaint, the Court was advised that an individual defendant had filed for bankruptcy, and that Defendant Roadrunner Communication, LLC's filing for bankruptcy was imminent. (Doc. 218.) The Court then stayed further proceedings in this litigation and referred this matter to United States Bankruptcy Judge Madeleine C. Wanslee, who held a successful settlement conference. (Docs. 220, 221.) Subsequently, the Court vacated the stay of proceedings. (Doc. 222.)

Pending before the Court is the parties' Joint Motion to Approve Settlement and Dismiss Case with Prejudice. (Doc. 223.) In support, the parties have attached a copy of the settlement agreement and release. (Doc. 223-1.)

Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which wage claims under the Fair Labor Standards Act ("FLSA") can be settled or compromised by employees.[1]  One,

---

[1] While the Ninth Circuit has not specifically addressed this issue, district courts in the Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores.  See, e.g., Ambrosino v. Home Depot U.S.A., Inc., No. CV 11-1319, 2014 WL 3924609 (S.D. Cal.

pursuant to 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owing to them. Id. at 1353. The second way is provided in the context of litigation brought directly by employees against their employer pursuant to § 216(b) to recover back wages. Id. When an employee or employees bring a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Id.

Outside of the FLSA context, the Court normally does not rule on a private settlement agreement negotiated between the parties. However, because this is an FLSA action against Defendants, the parties must seek approval of their settlement agreement in order to ensure its enforceability. The Court may approve the settlement if it is a fair and reasonable compromise of the issues.

The Court has reviewed the proposed Settlement Agreement for $15,750 and finds that the settlement is a fair and reasonable resolution of the issues. The Settlement Agreement provides consideration to the representative Plaintiffs and the Opt-In Plaintiffs and reimbursement of out of pocket costs to Plaintiffs' legal counsel. Therefore, the Court will approve the settlement agreement between the parties and enter a stipulated judgment of dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** granting the parties' joint motion for approval of the settlement agreement between Defendants and Plaintiffs. (Doc. 223.)

**IT IS FURTHER ORDERED** dismissing this matter with prejudice, with the parties to bear fees and costs as set forth in the parties' settlement agreement. (Doc. 223-1.)

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order to the Clerk of the United States Bankruptcy Court for the District of Arizona and to the

///

---

Aug. 11, 2014); Hand v. Dionex Corp., No CV 06-1318, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007).

1  Chambers of Bankruptcy Judge Wanslee.

2      DATED this 19th day of May, 2015.

                                       Stephen M. McNamee
                                 Senior United States District Judge

18  cc:    Clerk of Court
           United States Bankruptcy Court
19         for the District of Arizona
           230 North First Avenue, Suite 101
20         Phoenix, Arizona 85003